UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-574-RSE

**GREGORY S. C.**                                                                                **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI**                                                        **DEFENDANT**
*Acting Commissioner of Social Security*

**MEMORANDUM OPINION
AND ORDER**

The Commissioner of Social Security ("Commissioner") denied Gregory S. C.'s ("Claimant's") applications for disability and disability insurance benefits. Claimant now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (DN 1). Both parties have filed Fact and Law Summaries. (DN 11; DN 13). The parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 10).

I. Findings of Fact

Claimant is forty-six years old, a husband and father to three children, and has earned his GED. (Tr. 311). Claimant was employed as an automobile assembly line worker before he stopped working, and in that role, he installed various parts onto vehicles. (Tr. 46). Claimant currently participates in daily activities such as driving his children to and from school, cooking, and shopping. (Tr. 19, 41).

On August 28, 2018, Claimant filed an application of disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, alleging disability beginning on August 1, 2017. (Tr. 15). Specifically, Claimant based his claim for disability on his L4/L5 fusion, severe pain in his back, and severe pain, weakness, and numbness in his right leg. (Tr. 235).

The Social Security Administration ("SSA") originally denied Claimant's application on December 3, 2018 (Tr. 102) and again upon reconsideration on May 14, 2019 (Tr. 101). At Claimant's request Administrative Law Judge Greg Holsclaw ("ALJ Holsclaw") conducted a hearing on June 23, 2021. (Tr. 32–75). This hearing was held in Lexington, Kentucky. (Tr. 32). Claimant, represented by counsel, appeared virtually. (*Id.*).[1] Also present at the hearing was an impartial vocational expert. (Tr. 34, 67). ALJ Holsclaw issued an unfavorable decision on August 3, 2021. (Tr. 12–25).

ALJ Holsclaw applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Claimant has not engaged in any substantial gainful activity since the onset date of August 1, 2017. (Tr. 17). Second, Claimant suffers from the severe impairments of degeneration of the lumbar spine, status-post fusion at the L4-5 level, and revision at L4-5. (Tr. 17). Third, Claimant's condition does not meet or medically equal the severity of a listed impairment from 20 C.F.R. § 404, Subpt. P, App'x 1. (Tr. 18). Additionally, Claimant has the residual functional capacity ("RFC") to perform "sedentary work" with the following limitations:

> no lifting/carrying more than 10 pounds occasionally; no standing/walking more than 2 hours out of an 8-hour day and for no more than 30 minutes at one time; no sitting more than 6 hours out of an 8-hour day; can do unlimited pushing/pulling up to the exertional limitations; no more than frequent balancing; no more than occasional stooping, kneeling, crouching, crawling or climbing of ramps or stairs; no climbing of ladders, ropes or

---

[1] Claimant's representative agreed to the hearing being held virtually. (Tr. 184).

>   scaffolds; no work in areas in concentrated full body vibration; no work around dangerous, moving machinery or unprotected heights.

(Tr. 18–23). Fourth, ALJ Holsclaw found Claimant is unable to perform his past relevant work. (Tr. 23–24). Lastly, ALJ Holsclaw found, despite the RFC restrictions, Claimant could still perform a significant number of jobs in the national economy. (Tr. 24–25).

Due to these findings, ALJ Holsclaw deemed Claimant not disabled (Tr. 25). Claimant appealed ALJ Holsclaw's decision, and the Appeals Council declined to review, finding Claimant's reasons for disagreement did not provide a basis for changing ALJ Holsclaw's decision. (Tr. 1). At that point, the denial became the final decision of the Commissioner and Claimant appealed to this Court. (DN 1).

## II.  Standard of Review

When reviewing the administrative law judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted). Instead, the Court's review of the administrative law judge's decision is limited to an inquiry as to whether the administrative law judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (internal citations omitted), and whether the administrative law judge employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations

omitted).

### III. Conclusions of Law

Claimant raises three challenges relating to ALJ Holsclaw's RFC determination. First, Claimant argues that ALJ Holsclaw failed to assign sufficient weight to Dr. Nazar's medical opinion. (DN 11-1, at PageID # 1653). Second, Claimant asserts that ALJ Holsclaw treated Dr. Sexton's medical opinion improperly. (DN 11-1, at PageID # 1652). Third, in determining the extent of Claimant's symptoms and restrictions, Claimant contends that ALJ Holsclaw improperly rendered a medical opinion. (DN 11-1, at PageID #1648, 1650).

Issue 1: Did ALJ Holsclaw properly evaluate Dr. Nazar's opinion?

Claimant argues ALJ Holsclaw failed to adequately consider the opinion of Dr. Nazar. (DN 11-1, at PageID # 1653). According to Claimant, ALJ Holsclaw did not properly discuss Dr. Nazar's most recent opinion or its relevance even though Dr. Nazar provided an opinion after Claimant's second surgery, a lumbar myelogram. (*Id.*). The Commissioner responds that ALJ Holsclaw found portions of Dr. Nazar's opinion persuasive and properly discussed Dr. Nazar's findings. (DN 13, at PageID # 1670).

In evaluating applications, an ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017). The ALJ need only explain how they considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The supportability factor requires an *internal* analysis of the objective medical evidence and the supporting explanations from the source itself, while the consistency factor demands an *external* analysis of the opinion in

4

comparison to evidence from other sources. 20 C.F.R. §§ 404.1520c(c)(1)–(2). Ultimately, the more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(2). The ALJ may, but is not required to, explain how he considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he considered medical opinions. 20 C.F.R. § 404.1520c(b)(2)–(3).

After considering the entire record, ALJ Holsclaw found some portions of Dr. Nazar's opinion persuasive. (Tr. 21). ALJ Holsclaw's ultimate findings aligned with Dr. Nazar's May 2021 opinion, reiterating his July 10, 2018 opinion, indicating that sedentary work, limiting standing, walking, and lifting, would be appropriate for Claimant. (Tr. 759, 1562). ALJ Holsclaw stated the medical record was consistent with the entire record and supported these restrictions. (Tr. 21). ALJ Holsclaw found that Dr. Nazar's opinion that the Claimant "had a 'whole person' impairment" was unpersuasive because Dr. Nazar did not "state in vocationally relevant terms the most the claimant can do despite his impairments" and "g[a]ve little probative direction in determining a residual functional capacity." (Tr. 22). ALJ Holsclaw also determined that Dr. Nazar's findings that Claimant required frequent position changes and non-external limitations unpersuasive as it was "not clearly supported" by the medical record. (Tr. 22).

Although ALJ Holsclaw did not accept every part of Dr. Nazar's medical opinion, it was properly considered under the method outlined in Social Security regulations. As required by the regulations, ALJ Holsclaw assessed the persuasiveness of Dr. Nazar's opinion based on consistency and supportability. (Tr. 21–22). Though, Dr. Nazar offered the most recent medical opinion in the record, the regulations do not require ALJ Holsclaw to discuss this in his determination, as this does not impact the factors of supportability and consistency. While evidence may exist that would support a different finding, ALJ Holsclaw's determination is

supported by substantial evidence in the record and complies with applicable regulations.

        Issue 2: Did ALJ Holsclaw give Dr. Sexton's medical opinion undue weight?

Claimant also contends that ALJ Holsclaw gave too much weight to Dr. Sexton's opinion. (DN 11-1, at PageID # 1652-3). According to Claimant, ALJ Holsclaw did not properly consider the context of Dr. Sexton's findings, specifically that Dr. Sexton formed his medical opinion as a medical expert for Claimant's employer's workers compensation insurance carrier. (DN 11-1, at PageID # 1650). Commissioner responds that ALJ Holsclaw did not overly rely on Dr. Sexton's opinion, but rather properly found it unpersuasive. (DN 13, at PageID# 1666).

In January of 2019, Dr. Sexton evaluated Claimant's injury, a repetitive motion disorder, that allegedly occurred while Claimant was working as an automotive assembly line worker. (Tr. 770). Dr. Sexton found that Claimant "from a purely medical objective stance sustained no injury at work," and further that Claimant had "attained [maximum medical improvement]." (Tr. 777–778). This opinion also included a finding that "there are no restrictions that are medically necessary" and that Claimant was "fully physically capable of return to work…at Ford Motor Company." (Tr. 779, 782).

ALJ Holsclaw found Dr. Sexton's opinion was "not supported by objective findings" and gave the opinion "no special significance." (Tr. 23). Reasoning that Dr. Sexton's diagnosis of spine degeneration and its impairment would "cause[] more than a minimal impact on [Claimant's] ability to do work-related activities," ALJ Holsclaw determined Dr. Sexton's findings did not support his opinion. (Tr. 23). Dr. Sexton's finding that Claimant had a 12% permanent partial impairment was not "easily convertible to vocationally relevant terms" and ALJ Holsclaw found it to be unpersuasive. (Tr. 23). Far from Claimant's contention that ALJ Holsclaw gave Dr. Sexton's opinion undue weight, ALJ Holsclaw found it unpersuasive and did not rely on it in his

findings. (Tr. 23).

ALJs must assess each medical opinion according to the regulations laid out in 20 C.F.R. § 404.1520. The ALJ must explain their decisions in terms of supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). However, failing to address these factors will not result in a remand unless "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Rabbers v. Comm'r SSA*, 582 F.3d 647, 654 (6th Cir. 2009) (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). Here, Claimant argues ALJ Holsclaw should not accept Dr. Sexton's opinion as he rendered it prior to the Claimant's second surgery. (DN 11-1, at PageID # 1652). ALJ Holsclaw found this opinion unpersuasive and lacking in supportability. (Tr. 23). Claimant's arguments regarding ALJ Holsclaw's treatment of Dr. Sexton's opinion lack merit. ALJ Holsclaw did not overly rely on Dr. Sexton's opinion and sufficiently accounted for its lack of persuasiveness. (Tr. 23). Though ALJ Holsclaw did not address the consistency of Dr. Sexton's opinion, the Claimant suffered no prejudice because the ALJ's findings did not adopt the opinion. Therefore, any error was harmless, and remand is not warranted on this basis.

Issue 3: Did ALJ Holsclaw improperly render a medical opinion in determining the extend of Claimant's symptoms and limitations?

Claimant contends that ALJ Holsclaw found inconsistencies which supported his determination of the "severity and frequency of the alleged symptoms and limitation, and … the recommended restrictions/limitations," where there are none. (DN 11-1, at PageID # 1648). Claimant asserts that ALJ Holsclaw's determinations amount to the improper rendering of a medical opinion. *(Id.*, at PageID # 1650). Commissioner argues that "the overall record failed to corroborate [Claimant's] allegations regarding the severity of his symptoms." (DN 13, at PageID # 1664).

An ALJ "must not succumb to the temptation to play doctor and make [his] own independent medical findings[.]" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009). ALJ Holsclaw, having determined Claimant suffered an impairment which could result in the Claimant's alleged symptoms, then determined the impairment's severity and limiting effects upon Claimant's ability to work. (Tr. 19). Using the factors set forth in 20 C.F.R. § 404.1520c(b)(2), primarily "consistency" and "supportability," ALJ Holsclaw reached a conclusion regarding Claimant's RFC and potential jobs. (Tr. 18–19). ALJ Holsclaw considered evidence such as MRIs taken from 2013 to 2017, normal results on EMGs performed in 2014 and 2015, as well as multiple medical opinions from various specialists. (Tr. 20–21). Claimant's positive response to both surgeries, regaining his normal gait, decrease in pain, and increase in activities, supported the conclusion that his symptoms were less severe than alleged. (Tr. 20, 21). Complaints regarding Claimant's right leg were inconsistent varying between "constant" and "intermittent" numbness after Claimant's second surgery, undermining the reported severity of these subjective symptoms. (Tr. 20). ALJ Holsclaw reasoned that had Claimant's symptoms been as severe as alleged he would not be capable participating in his self-reported daily activities of shopping, driving, and cooking. (Tr. 19–20).

ALJ Holsclaw's determination that Claimant was capable of sedentary work is based on the medical opinions of Dr. Nazar, Dr. DeLawrence, and Dr. Crystal, along with the findings of State Agency medical consultants. (Tr. 21). Limiting the Claimant to sedentary work "[is] consistent with and supported by the evidence of the record," according to ALJ Holsclaw. (*Id.*). Additionally, ALJ Holsclaw considered the marked improvement of Claimant's condition following his second surgery and "few if any changes" seen on Claimant's MRIs in 2016 and 2017. (Tr. 21).

In limiting Claimant's lifting and carrying to ten pounds only occasionally, ALJ Holsclaw found Dr. Knetsche's and Dr. Barefoot's opinions that Claimant could lift less than 50 or 20 pounds to be unpersuasive as they were inconsistent with and not supported by the record. (Tr. 22). To determine Claimant's limitations regarding sitting and standing, ALJ Holsclaw considered Dr. Nazar's opinion that the Claimant need to frequently change position. (Tr. 22). However, as the record did not support such findings, ALJ Holsclaw found them unpersuasive. (Tr. 22). ALJ Holsclaw determined, based on the medical record, that despite Dr. Barefoot's opinion, Claimant's injury would not create "marked difficulty" with activities such as kneeling, squatting, crouching, and crawling. (Tr. 22). Dr. Barefoot's opinion was inconsistent with and not supported by the record and was "an overestimate of the claimant's limitations." (Tr. 22).

Additionally, ALJ Holsclaw considered Claimant's condition after his second surgery, noting a significant decrease in pain, no further need to walk with a cane, and overall positive response to the surgery. (Tr. 21). ALJ Holsclaw also considered Claimant's own description of his daily activities such as cooking, shopping, and driving, in his evaluation. (Tr. 19). Claimant's arguments regarding ALJ Holsclaw's determination of Claimant's symptoms' severity and restrictions lack merit. Because ALJ Holsclaw sufficiently accounted for these symptoms and restrictions and adequately discussed them in terms of consistency and supportability within his findings, he did not improperly render a medical opinion.

## IV. Order

For the above-stated reasons, the Court finds substantial evidence supports ALJ Holsclaw's decision. **IT IS THEREFORE ORDERED** the Claimant's Complaint (DN 1) is **DENIED**.

Regina S. Edwards, Magistrate Judge
United States District Court

August 9, 2023